RODGERS, Presiding Justice.
This is an action to determine the ownership of certain notes made to Mrs. Josephine Barrett Walker who died testate, but who had previously assigned the notes to her brother, Dr. Irwin William Barrett.
The Coahoma National Bank filed a bill of interpleader in the Chancery Court of Coahoma County, Mississippi, in which the bank alleged that Mrs. Josephine Barrett *89 Walker deposited one hundred and forty-four (144) notes with the bank in May, 1944 for collection. Each note was in the sum of five hundred fifty-five dollars ($555.00) payable for a period of one hundred forty-four (144) months. Mrs. Walker died on December 26, 1968. She had made a codicil to her will in which she gave the residue of her estate to Curtis L. Barrett, Myrtle B. Tinnin, Frances B. Neely, and Blanche B. Parsons. The codicil was dated May 14, 1967.
On April 23, 1966, before Mrs. Walker executed her will and codicil, she gave her brother, Dr. I. W. Barrett, an assignment of the notes reserving a life estate interest in the notes. This assignment was duly recorded in the office of the Chancery Clerk of Coahoma County, Mississippi, on May 12, 1966, but no notice was given to the bank of the change of ownership. The bank continued to deposit the proceeds of each note to the account of Mrs. Walker as they were paid.
Dr. Barrett and his widow, Mrs. Irmolee Barnes Barrett, his sole beneficiary in his will, have both died. Mrs. Barrett’s estate is being administered in the chancery court in which Robert A. Carroll of Jackson, Mississippi is the executor.
The residual legatees under the will of Mrs. Walker claim the notes because it is said that the notes were never delivered to Dr. Barrett by Mrs. Walker, and that the assignment was an ineffective attempt on the part of Mrs. Walker to make an inter vivos gift to Dr. Barrett. Moreover, it is said that such an assignment is testamentary in character and violates the statute of frauds.
The administrator of the estate of Dr. Irwin William Barrett, Leon L. Porter, Jr., contended that he should be given the notes to be dispersed in accordance with the will of Dr. Barrett.
The chancery court determined from the evidence that the assignment to Dr. Barrett was a good and valid assignment; that, although there was no direct proof that Dr. Barrett paid his sister, Mrs. Walker, any monetary consideration for the assignment, nevertheless, the statement set out in the written assignment: “for a valuable consideration passing from him to me, the receipt of which is hereby acknowledged . . . ” was sufficient evidence to establish a consideration for the assignment.
However, the residual legatees named in the codicil to the will of Mrs. Walker contend on appeal, that the assignment to Dr. Barrett was ineffective because no consideration was given for the execution of the assignment. It is argued that a nephew of Dr. Barrett testified that Dr. Barrett said that his sister, Mrs. Walker, gave him the notes and that this is stronger testimony than the statement of a consideration shown in the instrument.
The appellants attempted to make out their case by introducing into evidence the income tax return forms and bank deposit slips of Mrs. Walker for the purpose of showing that her estate was not increased by any payment from Dr. Barrett to Mrs. Walker. It is then argued that the assignment must have been a gift because Mrs. Walker was permitted by her brother to use the full amount of each note as it came due. All of the evidence and argument of the appellants is based upon the theory that the statement in the assignment acknowledging receipt of a consideration is prima facie only and may be overcome by evidence. Assuming this postulate to be true, we are unable to say that the decision of the chancellor is manifestly wrong, because evidence to the contrary is largely circumstantial, and the chancellor is the judge of the weight and worth of the evidence.
The appellants contend, however, that they were entitled to a decree in their favor as a matter of law. It is said that under our chancery procedure, a sworn an *90 swer is evidence, and that unless the original bill he sworn to, or answer under oath waived, the testimony of two witnesses, or one witness with corroborating circumstances is required to defeat an answer denying the allegations of the bill of complaint. It is then contended that the cross-bill filed by the appellees is not verified; that on the other hand, the answer to the cross-bill filed by the appellants is verified, therefore, the answer is evidence, and as such, the answer denies that a consideration was given for the assignment of the notes and should be accepted as proof in favor of the appellants. Appellants cite Section 1294, Mississippi Code 1942 Annotated (1956) and Griffith’s Mississippi Chancery Practice, Section 364 (1925).
There are several reasons why we cannot accept this postulate as being applicable in the case; the most obvious reason is that the cross-bill filed by the appellees was in fact sworn to by the administrator Leon L. Porter, Jr. Moreover, this rule is not applicable where the answer is sworn to by one who does not have personal knowledge of the matters therein com tained. Stewart v. Coleman & Co., 120 Miss. 28, 81 So. 653 (1919); Purvis v. Woodward, 78 Miss. 922, 29 So. 917 (1901).
It is obvious that if a consideration was paid for the assignment, the law with reference to “gifts inter vivos” and the statute of frauds do not apply, and no delivery of the notes was required. But, it is said that there was no delivery of the notes nor the trust deed and, therefore, the gift was incomplete. Without discussing the law as to gifts inter vivos, we think it sufficient to say that the evidence shows that Dr. Barrett took the assignment to the clerk’s office to be recorded and the recor-dation was noted on the land record of the county. Moreover, the assignment was found among his papers after his death; all of which is indicative of the delivery of the notes in the lifetime of Mrs. Walker.
The judgment and decree of the chancery court are therefore affirmed.
Affirmed.
PATTERSON, INZER, ROBERTSON and SUGG, JJ., concur.